Filed 12/31/24  In re Matthew M. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re Matthew M., et al., Persons Coming Under the Juvenile Court Law. | B330336 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARISOL B.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 20CCJP03451D-G) |

APPEAL from an order of the Superior Court of Los Angeles County, Cathy Ostiller, Judge.  Dismissed.

Serobian Law and Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the County Counsel, Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Sally Son, Senior Deputy County Counsel, for Plaintiff and Respondent.

————————————

Marisol B. (Mother) challenges the sufficiency of the evidence supporting the juvenile court's jurisdictional findings pertaining to Mother's four children. While her appeal was pending, the juvenile court terminated jurisdiction and granted Mother sole legal and physical custody of the children. Because we cannot provide Mother any effective relief—that is, relief that " 'can have a practical, tangible impact on the parties' conduct or legal status' " (*In re D.P.* (2023) 14 Cal.5th 266, 277 (*D.P.*))—we dismiss her appeal as moot.

## PROCEDURAL BACKGROUND

Mother and Rodrigo M. (Father) have four children: Matthew (born 2014), Jayden (born 2017), Nathan (born 2020), and J.M. (born 2022). In May 2023 the Los Angeles County Department of Children and Family Services (Department) filed a petition under Welfare and Institutions Code section 300, subdivisions (a), (b)(1), and (j),[1] alleging the children were at substantial risk of suffering serious physical harm as a result of (1) Mother and Father's history of violent altercations in the children's presence (counts a-1 and b-1); (2) Mother's and Father's physical abuse of the children (counts a-2, a-3, b-2, b-3, j-1, and j-2); (3) Mother's instruction to Matthew to lie about the parents' violent altercations and physical abuse of the children (counts a-1, a-2, b-1, b-2, and j-1); and (4) each parent's failure to protect the children from the other's physical abuse (counts b-2, b-3, j-1, and j-2).

In June 2023 the court sustained all counts, declared the children dependents of the court, and ordered them to remain in

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

Mother's custody.  The court removed the children from Father under section 361 and ordered monitored visits for him.  The court ordered Mother to participate in a domestic violence support group, parenting and family preservation programs, joint counseling with Father, and individual counseling.

Mother timely appealed.  Father did not appeal the court's jurisdictional findings.

In July 2024 the juvenile court terminated its jurisdiction with a final custody order awarding Mother sole legal and physical custody of the children and granting monitored visitation for Father.[2]  Neither Mother nor Father appealed from the order terminating jurisdiction.[3]

## DISCUSSION

### A.    *Mootness and Dependency Appeals*

"A court is tasked with the duty ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*D.P.*, *supra*, 14 Cal.5th at p. 276.)  "A case becomes moot when events ' "render[ ] it impossible for [a] court, if it should decide the case in favor of [the

---

[2]    The Department's request for judicial notice of the juvenile court's custody order and the July 26 and August 7, 2024 minute orders is granted.  (See Evid. Code, §§ 452, subds. (c)-(d), 459; *In re J.R.* (2022) 82 Cal.App.5th 569, 579.)

[3]    We requested, and the parties submitted, supplemental briefing on whether we should dismiss Mother's appeal as moot in light of the juvenile court's termination of jurisdiction with an award of sole legal and physical custody to Mother.

appellant], to grant him [or her] any effect[ive] relief." ' " (*Ibid.*, third and fourth brackets added; accord, *In re Gael C.* (2023) 96 Cal.App.5th 220, 264.) Relief is "effective" where a party complains of "ongoing harm" that is "redressable or capable of being rectified by the outcome the [party] seeks." (*D.P.*, at p. 276.) In other words, "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.] It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status." (*Id.* at p. 277.)

"[W]hen a parent has demonstrated a specific legal or practical consequence that will be averted upon reversal, the case is not moot, and merits review is required." (*D.P., supra*, 14 Cal.5th at p. 283.) Accordingly, "a case is not moot where a jurisdictional finding affects parental custody rights [citation], curtails a parent's contact with his or her child [citation], or 'has resulted in [dispositional] orders which continue to adversely affect' a parent." (*Id.* at pp. 277-278; cf. *In re N.S.* (2016) 245 Cal.App.4th 53, 61 (*N.S.*) [mother's appeal from jurisdictional findings was moot where juvenile court had since awarded her custody of child].) "Although a jurisdictional finding that a parent engaged in abuse or neglect of a child is generally stigmatizing, complaining of 'stigma' alone is insufficient to sustain an appeal. The stigma must be paired with some effect on the [parent's] legal status that is capable of being redressed by a favorable court decision." (*D.P.,* at p. 277.)

An appeal of jurisdictional findings may be rendered moot where findings "have been made as to both parents but only one parent brings a challenge." (*D.P., supra*, 14 Cal.5th at p. 283; accord, *In re M.C.* (2023) 88 Cal.App.5th 137, 150-151 [" 'Because

4

the juvenile court assumes jurisdiction of the child, not the parents, jurisdiction may exist based on the conduct of one parent only.' "]; *In re M.W.* (2015) 238 Cal.App.4th 1444, 1452.)  "A reviewing court must ' "decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot." ' " (*D.P.,* at p. 276.)

Even where an appeal is moot, however, "courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*D.P., supra*, 14 Cal.5th at p. 282.)  "A reviewing court must decide on a case-by-case basis whether it is appropriate to exercise discretionary review to reach the merits of a moot appeal." (*Id.* at p. 287.)  Among the factors reviewing courts may consider is whether a challenged jurisdictional finding could affect future dependency proceedings, for example, by influencing the Department's decision to file a new dependency petition.  (*Id.* at p. 285.)  Also pertinent is "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct":  "The more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id.* at pp. 285-286.)  Courts may also consider "why the appeal became moot." (*Id.* at p. 286.)  For example, "[p]rinciples of fairness" may favor discretionary review of a case rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal." (*Ibid.*)

B.  *Mother's Appeal Is Moot*

Mother challenges the sufficiency of the evidence supporting the court's jurisdictional findings, but Father did not appeal.  Even if we reversed the court's jurisdictional findings as to Mother, the findings as to Father would stand and the juvenile court's exercise of jurisdiction over the children would not be

5

disturbed.  (See *In re Briana V.* (2015) 236 Cal.App.4th 297, 308 [a " 'jurisdictional finding good against one parent is good against both' "].)  This posture provides one basis for concluding Mother's appeal is moot.  (See *D.P., supra*, 14 Cal.5th at p. 283.)

Mother's appeal is moot for a second reason as well:  In July 2024 the juvenile court terminated jurisdiction and awarded Mother sole legal and physical custody.  Therefore, "no effective relief can be granted.  Mother has been awarded custody of [the children], and the jurisdictional findings are not the basis of any current order that is adverse to her."  (*N.S., supra*, 245 Cal.App.4th at p. 61.)  Were we to reverse the jurisdictional findings, that would not change Mother's legal status with respect to her parental rights.  Because Mother "has not demonstrated a specific legal or practical consequence that would be avoided upon reversal of the jurisdictional findings," her appeal is moot.  (*D.P., supra*, 14 Cal.5th at p. 273; see also *In re Rashad D.* (2021) 63 Cal.App.5th 156, 163 ["An order terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot."].)

Mother contends her appeal is not moot because the jurisdictional findings could result in a report to the Child Abuse Central Index (CACI) under the Child Abuse and Neglect Reporting Act, Penal Code sections 11164 through 11174.3.  (See Pen. Code, § 11169, subd. (a) [providing the Department "shall forward . . . every case it investigates of known or suspected child abuse or severe neglect"].)  Mother asserts inclusion in the CACI could "damage her application[s] for employment, housing, and other benefits."

While inclusion in the CACI carries consequences for parents, Mother's reliance on these repercussions is speculative

here.  (See *D.P.*, *supra*, 14 Cal.5th at pp. 279-280.)  If the Department had reported Mother for inclusion in the CACI, it would have had to provide notice to her.  (See *id*. at p. 279; see also *In re C.F.* (2011) 198 Cal.App.4th 454, 462 ["The reporting agency must notify the known or suspected child abuser that he or she has been reported to the CACI."]; Pen. Code, § 11169, subd. (c).)  Mother does not claim she received such notice and has not submitted any evidence that she is listed in the CACI. The mere possibility of inclusion in the CACI is insufficient to avoid the conclusion that Mother's appeal is moot.[4]

C.    *Mother Fails To Demonstrate that Discretionary Review of Her Moot Appeal Is Warranted*

Mother requests that we exercise our discretion to hear the merits of her appeal due to the potential prejudice from the jurisdictional findings in future dependency or other court proceedings.  The Department indicated it would not oppose our discretionary review of her appeal.  However, after consideration of the relevant factors, we decline to exercise our discretion to

---

[4]    We note that *In re S.R.*, review granted September 11, 2024, S285759, is currently pending before the California Supreme Court to address "the following issues:  (1) When a juvenile court's jurisdictional findings establish that a parent committed an offense that the law requires be reported to the statewide [CACI], should an appellate court presume, on an otherwise silent record, the offense has been or will be reported to [the] CACI?  (2) If unrebutted, is this presumption sufficient to avoid dismissal for mootness?"  Pending the Supreme Court's decision in *In re S.R.*, we are bound by the court's holding in *In re D.P.*, *supra*, 14 Cal.5th at page 280, that the mere possibility that the Department could report Mother to the CACI is "too speculative for purposes of avoiding mootness."

reach the merits of Mother's appeal. (See *D.P.*, *supra*, 14 Cal.5th at pp. 282-287.)

While Mother posits the jurisdictional findings could be used against her in subsequent juvenile court proceedings or in other unspecified court proceedings, her concerns are vague and speculative. (See *In re Rashad D.*, *supra*, 63 Cal.App.5th at p. 164, fn. 5 [parent's argument that jurisdictional finding might influence the Department's decision to file a new dependency petition in the future deemed "too speculative to justify appellate review of an otherwise moot case"].) Moreover, the core inquiry in any future proceeding would be whether there is a current risk of harm to the children, as juvenile courts must base their decisions on present conditions, not solely on past findings. (See *In re D.D.* (2019) 32 Cal.App.5th 985, 996 [a court may only order removal if it finds the children's physical safety or emotional well-being are in danger]; *In re I.A.* (2011) 201 Cal.App.4th 1484, 1495 [deeming "speculative" the prospect that jurisdictional finding would affect future dependency proceeding, because any adverse orders "would require evidence of present detriment, based on the then prevailing circumstances of parent and child"], overruled on another ground in *D.P.*, *supra*, 14 Cal.5th at p. 283.) And should Mother face a dependency case in the future, the facts underlying the petition in this case would be available regardless of whether the jurisdictional findings are reversed on appeal.[5] But the record would also show that the children have

---

[5] Mother also had a prior dependency case in 2020 after Nathan tested positive at birth for amphetamine and methamphetamine. That case history would likewise be available in a future dependency proceeding, regardless of the outcome of this appeal.

always remained in Mother's custody, reflecting the court's determination that their placement with her did not endanger their well-being.  (See *N.S.*, *supra*, 245 Cal.App.4th at p. 63 [facts that mother "took prompt and positive steps to reunite" with and quickly regained custody of her child would be available in any future dependency proceedings].)

Mother does not contend, and we do not find, that any other factors support discretionary review here.  Accordingly, we dismiss the appeal as moot.

## DISPOSITION

The appeal is dismissed.

STONE, J.

We concur:

MARTINEZ, P. J.

FEUER, J.

9